JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7905 PA (PJWx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | Ron Harmon v. DePuy Orthopaedics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants DePuy Orthopaedics, Inc., DePuy, Inc. (erroneously sued as DePuy Inc.), DePuy International Limited, Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International (collectively "Removing Defendants"). Removing Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Ron Harmon ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

I.    Legal Standard: Removal & Fraudulent Joinder

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7905 PA (PJWx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | Ron Harmon v. DePuy Orthopaedics, Inc., et al. | | |

28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990); "[A] professional corporation is to be treated like other corporations for purposes of determining the presence or absence of diversity jurisdiction." Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986).

 For purposes of diversity, Plaintiff is a citizen of California.  Although Removing Defendants are not citizens of California, co-defendants Thomas P. Schmalzried, M.D., a Professional Corporation ("Dr. Schmalzried"), Golden State Orthopaedics, Inc., and BTG Medical, Inc., are all citizens of California. Dr. Schmalzried, Golden State Orthopaedics, Inc., and BTG Medical, Inc. (collectively "Non-Removing Defendants"), did not join in the Notice of Removal.  According to Removing Defendants, this Court possesses diversity jurisdiction over this action despite the presence of the non-diverse Non-Removing Defendants because the Non-Removing Defendants have been fraudulently joined.

 If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  If the Court finds that the joinder of a defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity and the propriety of removal.  See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

 "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against that defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)).  A court should remand a case "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (citation omitted).

 Having considered the Notice of Removal, the Court finds that Removing Defendants have not carried their heavy burden to demonstrate that Non-Removing Defendants are fraudulently joined.

II. <u>Analysis</u>

 Plaintiff is the recipient of a hip implant (the "Pinnacle Hip") manufactured by defendants.  He alleges that he has suffered debilitating injury due to defects in the design and manufacture of the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7905 PA (PJWx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | Ron Harmon v. DePuy Orthopaedics, Inc., et al. | | |

Pinnacle Hip.  Plaintiff's Complaint alleges:  (1) strict liability (manufacturing defect) against all defendants; (2) strict liability (failure to warn) against all defendants; (3) negligence against all defendants; (4) negligence (design defect) against all defendants; (5) fraud against all defendants; (6) fraud (concealment, suppression, or omission of material facts) against all defendants; (7) negligent misrepresentation against all defendants; (8) breach of implied warranties against defendants DePuy, Golden State, and BTG; (9) breach of express warranty against defendants DePuy, Golden State, and BTG; and (10) relief pursuant to the California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, against all defendants.

In support of their contention that the Non-Removing Defendants are fraudulently joined, the Removing Defendants assert that Plaintiff's strict liability claims against the Non-Removing Defendants are preempted pursuant to PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011).  In Mensing, the U.S. Supreme Court held that because generic manufacturers of pharmaceuticals approved by the Food and Drug Administration ("FDA") have no power to effectuate unilaterally a label change – being instead required by law to use the same label and warnings as those approved by the FDA with respect to the brand-name version of the drug – the plaintiffs' state law claims premised on a failure to warn theory were preempted.  Removing Defendants seek to extend the holding of Mensing well beyond generic manufacturers of pharmaceuticals, to designers of medical products who allegedly played an integral role in the marketing of the product.  Removing Defendants have cited no case law making such a leap, and the Court has found none.  Moreover, the theory of Plaintiff's Complaint, fairly read, is that Dr. Schmalzried, as designer of the Pinnacle Hip, failed to warn users and Removing Defendants of known risks of the design.  Unlike the generic drug manufacturers in Mensing, "taking [Plaintiffs'] allegations as a whole and resolving all ambiguities in Plaintiffs' favor, it is possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip." Shelton v. DePuy Orthopaedics, Inc., CV 11-8082 DDP (JCGx), 2011 U.S. Dist. LEXIS 138246, at *9-11 (C.D. Cal. Dec. 1, 2011) (remanding for no fraudulent joinder under California law).  Thus, Dr. Schmalzried's control over the content of the warnings is qualitatively different from that of the generic manufacturers in Mensing, who by law were required to duplicate the warnings already approved by the FDA.  No such obligation, however, is placed by law on Dr. Schmalzried.  Thus, Plaintiffs' claims are not preempted pursuant to Mensing.

Additionally, contrary to Removing Defendants' assertions that California law precludes a recovery against Dr. Schmalzreid on the Complaint's strict liability theories, because Plaintiff's Complaint alleges that Dr. Schmalzreid benefitted financially as a result of his role in helping to design and market the Pinnacle Hip, played an important role in the marketing of the Pinnacle Hip, and had control over, or a substantial ability to influence, the manufacturing or distribution process, the Court cannot conclude that Plaintiff has no possibility of recovery against Dr. Schmalzreid.  See Shelton, 2011 U.S. Dist. LEXIS 138246, at *9-*10 (quoting Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal. App. 4th 762, 776, 59 Cal. Rptr. 2d 322, 330 (1996)).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7905 PA (PJWx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | Ron Harmon v. DePuy Orthopaedics, Inc., et al. | | |

The Court therefore concludes that, at a minimum, Plaintiff's Complaint does not fraudulently join Dr. Schmalzreid as a defendant with respect to Plaintiff's strict liability claims alleged against the Non-Removing Defendants. Because Dr. Schmalzreid is not fraudulently joined, and he is a citizen of the same state as Plaintiff, this Court lacks diversity jurisdiction over this action. As a result of the Court's conclusion concerning the adequacy of the strict liability allegations against Dr. Scmalzreid, the Court declines to address the Notice of Removal's remaining contentions concerning the adequacy of Plaintiff's remaining allegations against Dr. Schmalzreid and the other Non-Removing Defendants.

## Conclusion

For all of the foregoing reasons, the Court cannot say, based on this record, that Plaintiff has no possibility to recover against Dr. Schmalzreid on his strict liability claims. Moreover, the Court concludes that Removing Defendants have failed to establish that Plaintiff's claims, at least at this stage, must be dismissed without leave to amend. See Padilla, 697 F. Supp. 2d at 1159 (holding that a court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'") (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040 at *2 (N.D. Cal. July 19, 2006)). Because Removing Defendants have failed to meet their heavy burden of showing that Dr. Schmalzried was fraudulently joined, his presence destroys the Court's diversity jurisdiction. Accordingly, this action is remanded to the Los Angeles County Superior Court, Case No. BC 488491, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.